Grafton,
April 1, 1924.

### ENRICO MENESTRINA v. AMERICAN PEG COMPANY.

A mere expression of opinion by the trial justice unaccompanied by any ruling is not exceptionable.

A bill of exceptions which does not disclose the facts upon which a ruling excepted to is based presents no question for the supreme court.

BILL OF EXCEPTIONS, filed by S. D. Morgan, receiver.

Morgan having been appointed receiver of the defendant Peg Company paid out $8,200 to protect the company's real estate title. Subsequently sundry creditors established mechanics' liens upon the property. In advance of sale the court upon request of the receiver ruled that the $8,200 and interest took precedence of the lienholders' claims and that such claims took precedence of the receiver's expenditures for insurance premiums, counsel fees and his own claim for personal services. To the latter ruling the receiver excepted and filed this bill of exceptions, which was allowed by *Branch*, J.

*Allen Hollis* and *George W. Pike* (*Mr. Pike* orally), for the receiver.

*Shurtleff & Oakes, Raymond U. Smith* and *Murchie & Murchie* (*Mr. Oakes, Mr. Smith* and *Mr. Alexander Murchie* orally), for the lienholders.

PARSONS, C. J. No order distributing a fund has been made. No fund has yet been created. The ruling excepted to is a mere expression of opinion upon the facts then before the court (see *Beaudette* v. *Therrien, ante,* 117). Upon what facts this opinion is based the case does not disclose. Whether if these facts appeared it would be useful for this court to examine and pass upon the opinion of the superior court may possibly be an open question, but it is clear this court cannot discuss the law involved in the ruling in ignorance of the facts upon which it is based. Any party aggrieved by orders distributing the fund when created may except thereto and the exceptions, if the facts are sufficiently reported, can then be considered. No error of law is disclosed by the record as now presented.

*Case discharged.*

All concurred.